CT Corporation

**Service of Process Transmittal**
04/12/2021
CT Log Number 539362968

TO: Luisa Gomes
Ross Stores, Inc.
5130 Hacienda Dr
Dublin, CA 94568-7635

RE: **Process Served in Tennessee**

FOR: Ross Stores, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | SHEILA GRIESHEIMER, PLTF. vs. ROSS STORES, INC, ETC., DFT. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified Case # CT140121 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/12/2021 postmarked on 04/09/2021 |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/12/2021, Expected Purge Date: 04/17/2021 |
| | Image SOP |
| | Email Notification, Luisa Gomes  maria.gomes@ros.com |
| | Email Notification, Vanessa Langlais  vanessa.langlais@sedgwick.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 300 Montvue RD Knoxville, TN 37919 866-665-5799 SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



Kenneth Margolis
Attorney
22 North Front Street
Suite 760
Memphis TN 38103

7020 1810 0001 0113 9158

MEMPHIS TN 380

9 APR 2021 PM 3 L

$7.56
US POSTAGE
FIRST-CLASS
FROM 38103
04/08/2021
stamps
endicia

ROSS STORES, INC
C/O: AGENT FOR PROCESS
CT Corporation System,
300 Montvue Road
Knoxville TN 37919

37919-551000

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. CT-1401-21

○ ● Lawsuit
○ Divorce

Ad Damnum $ 274,500

| | | |
|---|---|---|
| SHEILA GRIESHEIMER | VS | ROSS STORES, INC d/b/a ROSS DRESS FOR LESS **F I L E D** APR 08 2021 **CIRCUIT COURT CLERK** BY_____ D.C. |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

ROSS STORES, INC. DBA ROSS DRESS FOR LESS
C/O: CT CORPORATION SYSTEM
300 MONTVUE ROAD
KNOXVILLE, TN 37919-5546

Method of Service:
⊗ Certified Mail
○ Shelby County Sheriff
○ Commissioner of Insurance ($)
○ Secretary of State ($)
○ Other TN County Sheriff ($)
○ Private Process Server
○ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on KENNETH MARGOLIS                                      Plaintiff's

attorney, whose address is 22 N FRONT ST #760 / MEMPHIS TN 38103

telephone 9014053013                    within THIRTY (30) DAYS after this summons has been served upon you, not including the day
of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / W. AARON HALL, Clerk and Master

TESTED AND ISSUED _____      By _____, D.C.

### TO THE DEFENDANT:

NOTICE; Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment
should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish
to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless
it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain
items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and
your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these
items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek
the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / W. AARON HALL , Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

TEMIIKA D. GIPSON , Clerk / W. AARON HALL, Clerk and Master      By _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____    By: _____

Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

                                                         By: _____

                                                              Sheriff or other authorized person to serve process

## IN THE CIRCUIT COURT OF TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHEILA GRIESHEIMER

     Plaintiff,

vs.

F I L E D

APR 0 8 2021

CIRCUIT COURT CLERK

BY_____D.C.

DOCKET NO. CT 1401-21

DIVISION IX

JURY TRIAL DEMANDED

ROSS STORES, INC. d/b/a
ROSS DRESS FOR LESS

     Defendant,

---

### *COMPLAINT FOR PERSONAL INJURIES*

---

Your Plaintiff, Cheryl Griesheimer, for cause of action against the Defendant, Dollar General Corporation, would charge and allege unto the Court as follows:

### *JURISDICTION AND VENUE*

1.    Your Plaintiff, Cheryl Griesheimer, is an adult resident of Nesbit, Mississippi

2.    The Defendant, Ross Stores, Inc. d/b/a Ross Dress for Less (hereinafter "Ross") is a corporation organized under the laws of the State of Delaware,  with its principal offices located at 5130 Hacienda Drive, Dublin CA, 94568.  It can be served through its registered agent for service of Process: CT Corporation System, 300 Montview Road, Knoxville, TN 37919.

3.    Defendant is the owner and/or occupier of the real property and actively doing business as the actively doing business as the Ross Dress for Less Store # 1875, 8540 US Highway 51 North, Suite 105,  Millington, Shelby County, Tennessee 38053

1

(hereinafter the "Premises" or "store"), and was said occupier on December 31, 2020.

4.     Venue in the instant case is properly found in Shelby County, Tennessee, pursuant to T.C.A. 20-4-101, *et. seq.* as the incidents described in the complaint occurred in Arlington, Shelby County, Tennessee.

5.     This Honorable Court has jurisdiction over this matter pursuant Tennessee Code Annotated § 16-10-101, *et. seq.*

## FACTS

6.     Plaintiff incorporates Paragraph's 1-5 herein as if set out in full.

7.     On or about December 31, 2020 Ms. Griesheimer was a business invitee of Ross Dress for Less, Store # 1875, located at 8540 US Highway 51 North, Suite 105, Millington, Shelby County, Tennessee 38053 shopping for clothing.

8.     Around this time, store employees had repositioned clothing racks and had repositioned one of the racks so that the base / platform upon which it sat was jutting into the main walkway of the store.  The rack, and its base upon which it sat, were an obstruction to safe passage and posed a foreseeable risk for patrons to trip over; as such, constituting a dangerous condition as defined by Tennessee law.

9.     As Ms. Griesheimer walked down the main aisle, she tripped on the base of the rack that was jutting into the walkway, causing her to fall forward to the floor with a jarring impact, striking her hands and head in the process.

10.     There was no warning sign or barrier to warn business invitees, such and Plaintiff, that the floor contained obstructions or hazards.

11.     As a result of her falling to the floor, Ms. Griesheimer suffered injury and

2

damages as will be set out in more detail below.

**COUNT I-DANGEROUS CONDITION**

12.    Plaintiff incorporates Paragraph's 1-11 herein as if set out in full.

13.    The premises is a commercial structure open to the public doing business as a retail store.

14.    The presence of the clothing rack and base on the walkway floor of the main aisle posed a foreseeable fall risk to customers, the obstructions on the floor where Plaintiff fell was a dangerous condition on December 31, 2020 and it posed a clear risk of serious injury to business invitees such as Your Plaintiff

15.    Upon information and belief, the clothing rack and base were jutting into the walkway as a result of the conduct of employees of the Defendant.  Moreover, through the exercise of ordinary care, and reasonable inspection the Defendant should have determined that the obstructed surface posed a serious risk to the health and safety of their patrons and a duty to take corrective measures arose.

16.    Based on Defendants' beach of duty, and failure to take any precautionary steps whatsoever, the Plaintiff tripped and fell causing her injury and damages as set forth in more detail below.

**COUNT II—FAILURE TO WARN**

17.    Plaintiff incorporates Paragraph's 1-16 herein as if set out in full.

18.    Defendant either knew or reasonably should have known of the dangerous condition on the Premises as set forth above.

19.    The obstructed section of flooring was not sectioned off nor was there any

3

warning sign.

20.    Defendant failed to warn Plaintiff of the unreasonably dangerous conditions by the design of the premises as well as their failure to place a warning signs in the vicinity of floor despite having a duty to do so.

21.    As a direct and proximate result of Defendant's failure to warn, the Plaintiff fell, suffering injuries and damages as set out in more detail below.

### *COUNT—III-FAILURE TO PROPERLY TRAIN / SUPERVISE*

22.    Plaintiff incorporates Paragraph's 1-21 herein as if set out in full

23.    At all times relevant hereto, Defendant had a duty to properly train and supervise its staff in preparing and maintaining the premises so that it is in a reasonably safe condition for the business invitees.

24.    Defendant breached that duty by either failing to properly train and/or supervise the unknown employee(s) who was/were responsible for maintaining the section flooring in which Plaintiff fell, failing to properly place inventory and clothing racks (including their bases) so as to not create an obstruction on the main aisle of the store; and then by leaving the aisle in a dangerous condition without placing any warning signs or barriers thus exposing business invitees, such a Plaintiff to the unreasonable risk of injury.

25.    Based on the Defendant's failure to properly train and/or supervise its employee(s), Plaintiff was injured, incurred, and will continue to incur medical expenses, lost earnings, and lost time from work, and has experienced and will continue to experience significant pain and suffering.

4

### *INJURIES AND DAMAGES*

26.     Plaintiff incorporates Paragraph's 1-25 herein as if set out in full

27.     As a direct and proximate result of the carelessness and negligence of the Defendant, the Plaintiff sustained the following injuries and damages:    Painful bodily injuries,  Fright and shock; Physical pain and mental anguish; Medical Expenses, and Limitation in the ability to enjoy the normal pleasures of life

### DEMAND FOR JURY

Plaintiff hereby demands A TRIAL BY JURY.

### RELIEF SOUGHT

WHEREFORE, PREMISES CONSIDERED, Plaintiff Sheila Griesheimer sues the Defendant Ross Stores, Inc. for a sum to be found to be just a fair by a jury of hers peers, said amount not to exceed TWO HUNDRED SEVENTY-FOUR THOUSAND FIVE HUNDRED DOLLARS ($274,500.00) and respectfully requests all such other relief to which he may be entitled in both Law and Equity.

Respectfully Submitted,

Kenneth Margolis, #22906
*Attorney for Plaintiff*
22 North Front Street, #760
Memphis, Tennessee 38103
Telephone:    (901) 405-3013
Facsimile:    9901) 203-0506
Kmargolis@margolis-law.com

5

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHEILA GRIESHEIMER

     Plaintiff,

vs.

ROSS STORES, INC. d/b/a
ROSS DRESS FOR LESS

    Defendant,

DOCKET NO. CT 1401-21
DIVISION TO
**JURY TRIAL DEMANDED**

FILED APR 08 2021
CIRCUIT COURT CLERK
BY _____ D.C.

---

### *PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT*

---

    To:   ROSS STORES, INC. d/b/a ROSS DRESS FOR LESS
         *Service with Complaint*

    Pursuant to TRCP 33, et seq., Plaintiff requests that the following Interrogatories be answered under oath by the Defendant, and that answers be served on Plaintiff within forty-five (45) days.

### **INTRODUCTION**

    Plaintiff deems these Interrogatories to be continuing, so as to require service of supplemental answers pursuant to Rule 26.05 of the Tennessee Rules of Civil Procedure on Plaintiff within ten days if Defendant, Defendant's agents, representatives, attorneys or others, obtain further information after answers to these Interrogatories have been made as required by the Rules of Civil Procedure.

### **DEFINITIONS**

<u>Documents</u>: The word "documents" includes, without limitation,

1

correspondence, memoranda, letters, minutes, reports, notes, computer generated data, written messages, telegrams, telephone messages, written summaries of telephone calls, calendar and diary entries and any other written record or paper writing in any manner related to the subject of the Interrogatory.

Location: A request for the location of documents is deemed to constitute a request for the present address where the documents are kept if known, and if not known, the last address known to Plaintiff and all information available to Plaintiff as to the disposition of the requested documents.

Person: "Person" means any natural person, firm, or corporation, partnership, joint venture, or other form of business entity.

Plaintiff: The word "Plaintiff" is deemed to include the name of Plaintiff or Plaintiffs, and any and all other nicknames, designations or aliases for or referable thereto.

You or Your: The words "you" or "your" refer to Plaintiff, Plaintiff's attorneys, agents, or representatives.

## INSTRUCTIONS

For the purposes of the following interrogatories, "identify fully" means:

(a) For a natural person, their name, current or last known home address with telephone number; current or last known employer; job title, dates of employment and work telephone number.

(b) For a business entity, if it is a corporation, please list the exact corporate name, state of incorporation, address of principal place of business, along with the name address, title and phone number of the registered agent. . If it is a general partnership, please list the exact name of the partnership as well as the names and addresses of all the partners. If it is a limited partnership, please list the exact name of the limited partnerships as well as the names and addresses of each general and limited partner.

## INTERROGATORIES

**INTERROGATORY NO. 1:**  Please identify the person(s) answering these

Interrogatories. For each such person listed please specify the question(s) they

2

are responsible for or assisted in answering.

**ANSWER:**

**INTERROGATORY NO. 2:** With respect to all witnesses, whom you will or may call as experts to give opinion testimony in the trial of this matter, please state the following:

> (a)  Name, address and telephone number of each;
>
> (b)  Name, address and telephone number of his employer of the organization with which he is associated in any professional capacity;
>
> (c)  The field in which he is to be offered as an expert;
>
> (d)  A summary of his qualifications within the field in which he is expected to testify;
>
> (e)  The substance of the facts and opinions to which the expert         is expected to testify and a summary of the grounds for each opinion.

*(PLEASE NOTE: PLAINTIFF WILL OBJECT TO THE USE AT TRIAL OF ANY EXPERT NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY)*

**ANSWER:**

**INTERROGATORY NO. 3:**  Have you been sued in your correct name and in your proper legal capacity?  If not, please state your correct name and your correct legal capacity.

**ANSWER:**

**INTERROGATORY NO. 4:**  Please identify any and all witnesses you believe may have any information concerning any issues in this lawsuit and provide a detailed description of the information you believe them to have.

*(PLEASE NOTE: PLAINTIFF WILL OBJECT TO THE USE AT TRIAL OF ANY WITNESS NOT IDENTIFIED IN THE ANSWER TO THIS INTERROGATORY)*

**ANSWER:**

**Interrogatory No.5:**     Was the defendant the owner of the premises when the alleged incident occurred?

**ANSWER:**

**Interrogatory No. 6:**     Was the defendant the occupier of the premises when the alleged incident occurred?

**ANSWER:**

**Interrogatory No. 7:**     Was the defendant in control of the premises when the alleged incident occurred?

**ANSWER:**

**Interrogatory No. 8:**     If the answer to interrogatories 4, 5 and 6 is anything but an unqualified "yes," identify, respectively, the owner, occupier or individual entity who owned, occupied or controlled the premises when the alleged incident occurred.

**ANSWER:**

**Interrogatory No.9:**     State fully and completely to the best of your knowledge and understanding how the alleged incident occurred, including a complete chronology of the events as they transpired.

**ANSWER:**

**Interrogatory No. 10:**     Describe in as much detail as possible the location on the premises where the alleged incident occurred.

4

**ANSWER:**

**Interrogatory No. 11:**   Provide a list and identification of any persons involved in a fall at this location within five years of the date of the incident.

**ANSWER:**

**Interrogatory No. 12:**   Describe all arrangements the defendant had for care, maintenance and inspection of the premises at the time of the alleged incident. Specifically any measures for the placement of clothing racks in the vicinity of walkways or aisles.

**ANSWER:**

**Interrogatory No. 13:**   State whether the arrangements set forth in the preceding interrogatory conformed to the usual and customary arrangements made by the defendant for the care, maintenance and inspection of the premises prior to the incident.

**ANSWER:**

**Interrogatory No. 14:**   State the last time the defendant or any of its agents or employees made any examination, inspection or test of the place or location on the premises where the incident occurred.

**ANSWER:**

**Interrogatory No. 15:**   At any time after the alleged incident, did the defendant make any examination, inspection or test of the place or location on the premises where the incident occurred? If so, for each such examination,

5

inspection or test, provide its date and time, the procedures used, the name and address of all persons involved, the substance or contents of any report, and if in writing or recorded form, the present custodian of each report.

**ANSWER:**

**Interrogatory No. 16:**   Describe the lighting conditions at the premises at the time of the incident and specifically state whether the lighting was natural, artificial or both.

**ANSWER:**

**Interrogatory No. 17:**   Have there been any changes to the premises or any portion thereof, since the date of the alleged incident? If so, provide details regarding any such change and the reasons for such change.

**ANSWER:**

**Interrogatory No. 18:**   Did the defendant ever receive any form of notice, either written or oral, from the plaintiff or from anyone acting on the plaintiff's behalf, concerning the incident in question? If so, provide the date of any receipt, the method by which notice was given, the name and address of the recipient of the notice, the substance of the notice and any response made thereto.

**ANSWER:**

**Interrogatory No. 20:**   Provide a list and identification of any persons who had been injured on the premises within three years of the date of the incident.

**ANSWER:**

6

**Interrogatory No. 21:**   Does the defendant contend that the plaintiff in any way caused or contributed to the alleged incident or in any way assumed the risk of his injuries? If so, state the facts upon which each contention is based.

   **ANSWER:**

**Interrogatory No. 22:**   Do you or your attorneys have in your possession, custody, or control any statement of any person (including plaintiff) concerning the facts surrounding this controversy including any written statements, signed or otherwise, adopted or proved by such person or any stenographic, mechanical, electrical, or other recording or any transcript thereof which is a substantially verbatim recital of an oral statement by the person making it and contemporaneously reported? If so, please state the following:

   (a)   The name, address, and phone number of the person from whom it was obtained;

   (b)   The date it was obtained;

   (c)   The title and position of the person who obtained it;

   (d)   Where it was obtained;

   (e)   Is the statement signed by the person giving the statement? If it was not signed, please state how the statement is connected with the person purportedly giving the statement. For example, telephone recorded conversation, etc.

   **ANSWER:**

**Interrogatory No. 23:** Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend to rely at the trial

7

of this matter.

> **ANSWER:**

**Interrogatory No. 24**:  Please identify, listing their name, current or last known home address with telephone number; current or last known employer; job title, dates of employment and work telephone number all employees of the defendant who worked a shift at the subject store on December 31, 2020.

> **ANSWER:**

**Interrogatory No. 25**:  Was the area of the store where the fall occurred covered by any video recording device and was the fall captured by any video recording.  If so, please preserve a copy of such recording and provide a copy of same.

> **ANSWER:**

Respectfully Submitted,

Kenneth Margolis, #22906
*Attorney for Plaintiff*
22 North Front Street, #760
Memphis, Tennessee 38103
Telephone:   (901) 405-3013
Facsimile:     9901) 203-0506
Kmargolis@margolis-law.com

8

IN THE CIRCUIT COURT OF TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

SHEILA GRIESHEIMER

    Plaintiff,

vs.

DOCKET NO. CT-1401-21
DIVISION IX
**JURY TRIAL DEMANDED**

ROSS STORES, INC. d/b/a
ROSS DRESS FOR LESS

    Defendant,

*FILED APR 08 2021 CIRCUIT COURT CLERK BY_____ D.C.*

### *PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT*

To:   ROSS STORES, INC. d/b/a  ROSS DRESS FOR LESS
       *Service with Complaint*

Pursuant to Rule 34, et seq., of the Tennessee Rules of Civil Procedure, Plaintiff requests that the Defendant, respond to these requests within Forty-Five (45) days.

### DEFINITIONS

A.   The word "documents" includes, without limitation, correspondence, memoranda, letters, minutes, reports, notes, computer generated data, written messages, telegrams, telephone messages, written summaries of telephone calls, calendar and diary entries and any other written record or paper writing in any manner related to the Request.

B.     The words "you" or "your" as used herein means and refers not only to the patties named hereinabove but also to their predecessors; present or former parents; subsidiaries, or divisions; officers; agents, including attorneys; employees; and, all other persons acting or purporting to act on their behalf.

### INSTRUCTIONS

1.     Counter-Plaintiff requests a formal response to this Request for

1

Production, with documents identified as to the Request to which each document relates, as provided by Rule 34(b).

    2.    This Request includes all relevant documents in the personal files or in the personal possession of all representatives, agents, accountants or attorneys of the Counter-Defendant.

    3.    Each Request herein includes any supplemental document which is later discovered by or comes into the possession of control of Counter-Defendant.

    4.    If you rely upon any privilege as a ground for objection to production of any document called for in these Requests, for each such document which you refuse to produce, please state:

    a. the name and address of the author of the document;

    b. the name and address of any person to whom the document was sent or to whom copies were sent or circulated at any time;

    c. the name and address of any person currently possessing the document or a copy thereof;

    d. a brief description of the nature and subject matter of the document (i.e., letter, memorandum, invoice, contract); and

    e. the nature of the privilege claimed.

    5.    If any document requested has been lost or destroyed since its creation, identify that document, state when, where, how and by whom the document was destroyed and state the name of the person who has had custody of the document.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

<u>REQUEST NO. 1:</u> By way of a request for production of documents, please furnish a copy of each and every photograph or video recording in your possession of the accident scene and if any exist, please indicate at what time and place any photo, videotape or recording of the accident scene may be viewed by plaintiff's counsel.

2

<u>RESPONSE:</u>

<u>REQUEST NO. 2:</u>   Any engineering drawings, blueprints, architectural designs, schematics, or building plans regarding the premises.

<u>RESPONSE:</u>

<u>REQUEST NO. 3:</u>   Any policies, procedures, guidelines or manuals describing care and maintenance of the premises for the last five years.

<u>RESPONSE:</u>

<u>REQUEST NO. 4:</u>   Photographs of any notices, signs or warnings posted on the premises in the vicinity of the fall on the date of the alleged incident.

<u>RESPONSE:</u>

<u>REQUEST NO. 5:</u>  Any records, in written or recorded form, regarding prior injuries on the premises for the past five years.

<u>RESPONSE:</u>

<u>REQUEST NO. 6:</u>   Copies of any insurance policies that may provide coverage for the allegations made in plaintiff's complaint.

<u>RESPONSE:</u>

<u>REQUEST NO. 7:</u>  A copy of the deed for the premises or lease allowing your occupancy of the premises.

<u>RESPONSE:</u>

<u>REQUEST NO. 8:</u>   Any notices, findings, or judgments from any building inspector, zoning official, regulatory agency, or court with respect to any violation, defect, hazard, or nuisance at the premises for the last five years.

3

RESPONSE:

REQUEST NO. 9:  Please furnish a copy of each document either sent to or received from any expert identified in your answer to Interrogatory No. 2.

RESPONSE:

REQUEST NO. 10:  By way of a request for production of documents, please furnish a copy of each document relating to in any shape or form to regarding any actions taken or directed to be taken by the Defendant or agents of the defendant in response to the incident giving rise to the instant litigation.

RESPONSE:

REQUEST NO. 11:  By way of a request for production of documents, please furnish a copy of each document which relates to the inspection of the premises as referred to in your answer to Interrogatory No. 14 for the 36 hours preceding the incident giving rise to the present litigation.

RESPONSE:

REQUEST NO. 12:  By way of a request for production of documents, please furnish a copy of each document which referred to in your answer to Interrogatory No. 15.

RESPONSE:

REQUEST NO. 13:  By way of a request for production of documents, please furnish a copy of each document which relates to any statement from any witness to this incident.

RESPONSE:

REQUEST NO. 12:  By way of a request for production of documents, please furnish a copy of any and all video recordings from the subject store from the time of its opening on

4

December 31, 2020 through 2:30 p.m., this is specifically to include any recording which captures Your Plaintiff and her fall between 11:30 a.m. and 12:00 p.m.

RESPONSE:

REQUEST NO. 14:   Photographs of area in which Plaintiff fell., signs or warnings posted on the premises in the vicinity of the fall on the date of the alleged incident.

RESPONSE:

REQUEST NO. 15:   Any and all documents, items or things in your possession relating to the Plaintiff, be they obtained through subpoena, release or though public search or public/private investigation.  This is specifically to include but not be limited to any and all video   photographs, records, notes, electronically stored information or recordings

Respectfully Submitted,

_____
Kenneth Margolis, #22906
*Attorney for Plaintiff*
22 North Front Street, #760
Memphis, Tennessee 38103
Telephone:   (901) 405-3013
Facsimile:    9901) 203-0506
Kmargolis@margolis-law.com

5